IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS GARCIA HERRERA,

    Petitioner,

vs.

CIVIL ACTION NO.: CV513-031

T. JOHNS, Warden, and UNITED
STATES OF AMERICA BUREAU
OF PRISONS,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jesus Garcia Herrera ("Herrera"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response. For the reasons which follow, Herrera's petition should be **DENIED**.

## STATEMENT OF THE CASE

Herrera was convicted in the Southern District of California of importation of methamphetamine, in violation of 21 U.S.C. §§ 952 & 960. Herrera was sentenced to 60 months' imprisonment and has a projected release date of October 25, 2014, via good conduct time release. (Doc. No. 11-1, p. 2).

In his petition, Herrera contends that he wrongfully has been denied a transfer to another facility closer to his family in California.[1] Respondents contend that Bureau of Prisons' staff correctly determined that Herrera is not a candidate for a "nearer release" transfer because Herrera has an Immigration and Customs Enforcement ("ICE") detainer lodged against him.

## **DISCUSSION AND CITATION TO AUTHORITY**

A prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. See Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976). Instead, 18 U.S.C. § 3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment.[2] Pritchett v. United States, No. 3:10cv422, 2012 WL 2568094, at *2 (N.D. Fla. May 25, 2012). The Bureau of Prisons promulgated Program Statement 5100.08 to guide its exercise of discretion in determining when an inmate is entitled to be transferred.

In this case, Herrera is seeking a "nearer release transfer", which would "move the inmate closer to [his] legal residence or release destination, consistent with [his] security level." Program Statement 5100.08, Ch. 7, p. 4, ¶ 2. An inmate having, *inter*

---

[1] It appears that section 2241 is the proper vehicle in which to bring this cause of action. See United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008) ("This Court has considered an attack by a federal prisoner on his place of confinement to be relief sought pursuant to 28 U.S.C. § 2241.") (citations omitted); Divito v. Wells, No. CV311-005, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011) (considering the merits of an equal protection claim brought pursuant to § 2241).

[2] "The Bureau of Prisons shall designate the place of the prisoner's imprisonment." In so doing, the BOP shall consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b). The BOP also "may direct the transfer of a prisoner from one penal institution to another." Id.

*alia*, "an ICE detainer for a hearing will not be transferred for nearer release purposes since [he] will be returning to the community outside, rather than inside, the United States upon release." Id. Herrera has an ICE detainer against him for a deportation investigation. (Doc. No. 11-3). Because of this detainer, BOP personnel determined Herrera is not entitled to a nearer release transfer. (Doc. No. 1, pp. 5—16; Doc. No. 11-4).

The BOP exercised its broad discretion and determined Herrera is not eligible for a nearer release transfer pursuant to Program Statement 5100.08. There being no evidence or even an assertion that the BOP abused its discretion, Herrera is not entitled to his requested relief.

To the extent Herrera attempts to state a claim that he has a right to be transferred to a facility closer to his family members, such a claim must fail. A prisoner has no due process or liberty interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 224; Gonzalez v. Doe, No. 3:09-CV-671, 2009 WL 1704248 (N.D. Tex. June 15, 2009) (collecting cases); Franco v. Bureau of Prisons, No. Civ. A. 05-5077, 2006 WL 1207976 (D. N.J. Apr. 28, 2006).

Herrera also cannot sustain a claim that he is being discriminated against based on the possibility of being deported. In essence, Herrera's assertion is that he is being denied equal protection. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47

AO 72A
(Rev. 8/82)

(11th Cir. 2001) (internal quotation marks and citation omitted). Herrera has not shown that similarly situated inmates, i.e., inmates with an ICE detainer, have been treated differently than he has, that any difference in treatment was based on his status as potentially deportable, or that his status is constitutionally protected.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Herrera's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)